# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1713V
(to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran |
| MARCEL PELLETIER * | |
| *and* SARAH PELLETIER, * | |
| *parents of* B.P. *a minor*, * | |
| * | |
| Petitioners, * | Dated: September 12, 2022 |
| * | |
| v. * | |
| * | |
| SECRETARY OF HEALTH AND * | |
| HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * | |

*Ronald Craig Homer,* Conway Homer, P.C., Boston, MA, for Petitioners.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On December 29, 2016, Marcel and Sarah Pelletier, on behalf of their minor child, B.P., filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioners allege that a Hepatitis A ("Hep. A") vaccine administered to B.P. on August 14, 2015, caused her to experience a pediatric arterial ischemic stroke due to an inflammatory focal cerebral arteriopathy ("FCA"). Petition (ECF No. 1) at 1.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

The claim was litigated for several years, and after reviewing the evidence I set the matter for a hearing, which was held on November 11, 2021. After the hearing, the parties submitted post hearing briefs, and after reviewing the evidence I issued a decision denying entitlement to compensation. *See* Decision, dated July 7, 2022. ECF No. 81 (the "Decision"). Petitioners did not opt to appeal my determination.

Petitioners have now filed a motion for a final award of attorney's fees and costs. Motion, dated August 25, 2022 (ECF No. 85). This is their sole fees application. Petitioners request a total of $92,293.86 in attorney's fees and costs ($72,613.20 in fees, plus $19,680.66 in costs) for the work of multiple attorneys, including Mr. Ronald Homer, Mr. Joseph Pepper, Ms. Christina Ciampolillo, Ms. Meredith Daniels, Ms. Lauren Faga, Mr. Nathaniel Enos, and paralegals and law clerks, from February 2016 to the present date. ECF No. 85 at 5–36.

Respondent reacted to the fees request on September 9, 2022. *See* Response, September 9, 2022 (ECF No. 87). Respondent is satisfied that the statutory requirements for an attorney's fees and costs award are met in this case, but defers the calculation of the amount to be awarded to my discretion. *Id.* at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioners' motion, awarding fees and costs in the total amount of **$92,293.86**.

**ANALYSIS**

**I.      Petitioners' Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a reasonable award of attorney's fees and costs to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020)

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

(citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Petitioners' claim was ultimately unsuccessful, but I find the claim possessed ample objective basis. There was some independent record support for the contention that the Hep. A vaccine might have triggered B.P.'s stroke. I also only identified one prior case where a Program petitioner argued that the Hep. A vaccine (in combination with the pneumococcal conjugate and varicella vaccines) caused a minor child to suffer from a stroke (and seizure), but the matter was settled without the decision of a special master, and thus had not been litigated enough in the Program to question a claim asserting it at the outset. Thus, the case did not present a theory that has been routinely adjudicated. Because of the foregoing (and taking into account the lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method - "multiplying the number of hours reasonably

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioners request the following rates for their attorneys, based on the years work was performed:

|  | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|
| **Ronald Craig Homer (Attorney)** |  | $409 | $421 | $430 | - | $447 | $475 |
| **Joseph Pepper (Attorney)** | $290 | $297 | $305 | $325 | $355 | $355 | $415 |
| **Christina Ciampolillo (Attorney)** | $300 | - | $342 | $350 | - | $380 | $425 |
| **Meredith Daniels (Attorney)** | - | $286 | - | - | - | $350 | $410 |
| **Lauren Faga (Attorney)** | - | - | $279 | - | - | - | $385 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Nathaniel Enos (Attorney)** | - | - | - | $205 | - | - | - |
| **Paralegal** | $135 | $138 | $142 | $145 | $155 | $155 | $170 |
| **Law Clerks** | $145 | $148 | - | $155 | - | $165 | - |

ECF No. 79 at 5–36.

Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates established in *McCulloch*. *See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The requested rates for the attorneys (as well as the law clerk and paralegal work performed in this case) are also consistent with what has previously been awarded in accordance with the Office of Special Masters's fee schedule.[5] *See Tafuri v. Sec. of Health & Human Servs.*, No. 18-1667V, 2020 WL 5032478, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020). I thus find no cause to reduce them in this instance. I also deem the time devoted to the matter reasonable,[6] and will therefore award it without adjustment.

### III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioners seek $444.12 paid out of pocket, plus $19,236.54 (totaling $19,680.66) in outstanding litigation costs, including medical record retrieval costs, medical literature retrieval

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Mar. 22, 2021).

[6] Although I am aware that in past cases special masters have occasionally expressed concerns about the Homer Firm's propensity to have multiple lawyers "touch" the same case, I have not found that this has resulted in excess billing, as the firm's lawyers generally calibrate the amount of work performed on a matter in proportion to their expertise and seniority.

costs, and costs associated with the work of a single expert, Kevin Shapiro, M.D., Ph.D. ECF No. 85 at 61. Dr. Shapiro authored two expert reports (ECF Nos. 27, 41), and submitted an invoice for a total of $17,000.00 (at an hourly rate of $500.00 for 34 hours of work). The total amount for his services was wholly reasonable for the work performed, and I do not find any reason to make any reductions. All other requested costs in this matter appear reasonable, and they shall also be awarded in full without reduction.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs in its entirety, and award a total of **$92,293.86,** reflecting $72,613.20 in fees and $19,680.66 in costs (including $444.12 paid by Petitioners out of pocket) in the form of a check made jointly payable to Petitioners and their attorney, Mr. Ronald C. Homer.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.